UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BELAYNEH E. MOLLA,

    Petitioner,

v.

ALBERTO R. GONZALES, *et al.*,

    Respondents.

CASE NO. C06-396-MJP-JPD

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

On March 21, 2006, petitioner, through counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and an Emergency Motion for Stay of Deportation and Removal. (Dkt. #1). Petitioner challenges his order of removal to Ethiopia which became final on February 2, 2001, when his appeal was dismissed by the Board of Immigration Appeals ("BIA"). (Dkt. #1 at 2). For the reasons set forth below, I recommend that the Court deny petitioner's motion for emergency stay.

## II. DISCUSSION

A motion for stay pending a district court's review of the petition for writ of habeas corpus on the merits is reviewed under the same standard employed for evaluating motions for preliminary injunctive relief. *Abassi v. INS*, 143 F.3d 513 (9th Cir. 1998); *see also Andreiu v. Ashcroft*, 253 F.3d 477, 483 (9th Cir. 2001) (en banc)(concluding that § 1252(f)(2) does not limit the power of

REPORT AND RECOMMENDATION
PAGE – 1

federal courts to grant a stay of removal). The petitioner must show either: (1) the probability of success on the merits plus the possibility of irreparable harm, or (2) that serious legal questions are raised and the balance of hardships tips in petitioners favor. *Abassi*, 143 F.3d at 514.

In petitioner's habeas petition and motion for stay, petitioner states that the BIA denied his appeal on February 2, 2001. (Dkt. #1 at 2). Petitioner did not appeal the BIA's decision. 8 U.S.C. § 1252(b)(1). Accordingly, petitioner's order of removal became final on February 2, 2001. 8 U.S.C. § 1101(47)(A)(B)(i). Petitioner contends that he did not receive the July 19, 2001, notice to report to the United States Immigration Office in Portland, Oregon for removal to Ethiopia on August 1, 2001, until the fall of 2005, at which time he reported. (Dkt. #1 at 3, 7). On March 20, 2006, the BIA denied petitioner's motion to reopen and request for stay of deportation. (Dkt. #1 at 2, 11). Petitioner argues that the BIA would have granted his motion to reopen his removal proceedings had respondents not opposed the motion. (Dkt. #1 at 3). Petitioner's motion for stay must be denied for lack of jurisdiction.

Judicial review of a removal order is governed by 8 U.S.C. § 1252, as amended by the REAL ID Act of 2005. Pub. L. No. 109-13, 119 Stat. 231 (codified at 8 U.S.C. § 1252). This statutory provision provides, in part, that the exclusive means of asserting a challenge to a final order of removal and matters dependent thereon, such as the one challenged herein, is to file a Petition for Review with the appropriate court of appeals, which in this case is the Ninth Circuit Court of Appeals. 8 U.S.C. § 1252 (b)(2); (a)(5)("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter"). Accordingly, claims by petitioner in which he challenges his order of removal may not be considered in this habeas corpus action. Because the Court lacks jurisdiction to hear this case, petitioner cannot show any likelihood of success on the merits of his case, which defeats his request for a stay. *Abassi*, 143 F.3d at 514. The Ninth Circuit is the proper forum for such claims, and for any injunctive relief associated with such claims.

REPORT AND RECOMMENDATION
PAGE – 2

### III.  CONCLUSION

For the foregoing reasons, I recommend that the Court DENY petitioner's motion for a stay pending the resolution of the habeas petition.

DATED this 22nd day of March, 2006.

*James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge